IN THE UNITED STATE DISTRICT COURT FOR THE
WESTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| BENCO DENTAL SUPPLY, CO., | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 3:19-cv-00659-mwc |
| | : | |
| MICHAEL BUSCHKOPF and | : | |
| EVANGEL GUENTERBERG, | : | |
| | : | |
| Defendants. | : | |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF
MOTION FOR EXPEDITED DISCOVERY**

Pursuant to this Court's September 19, 2019 Order, Plaintiff Benco Dental Supply, Co., ("Benco") submits this Reply Brief in Support of its Motion for Expedited Discovery.

**Argument**

**I.  Defendants Misstate the Legal Standards Relevant to Benco's Motion.**

Benco acknowledges the Court's inclination as stated in its September 19 Order. However, Defendants' opposition misstates the legal standards that govern this motion in three relevant respects, each addressed below.

First, contrary to Defendants' sweeping assertion, the Federal Rules of Civil Procedure do not preclude a party from seeking leave to conduct expedited discovery at the outset of the case. In fact, Rule 26(d)(1) expressly authorizes a Court to modify the timing and sequence of discovery so as to permit it to commence prior to the Rule 26(f) conference. *See* Fed. R. Civ. P. 26(d)(1); *Centrifugal Acquisition Corp. v. Moon*, No. 09-C-327, 2009 U.S. Dist. LEXIS 56170, at *2 (E.D. Wis. May 6, 2009); *Edgenet, Inc. v. Home Depot U.S.A., Inc.*, 259 F.R.D. 385, 386 (E.D. Wis. 2009); *Share Corp. v. Momar, Inc.*, No. 10-CV-109, 2010 U.S. Dist. LEXIS 24653, at *3 (E.D. Wis. Feb. 26, 2010).

Moreover, contrary to Defendants' assertions, granting leave to take expedited discovery in cases involving preliminary injunctive relief is not only permitted but is routine and often, as here, necessary. *See, e.g. Centrifugal Acquisition Corp.,* 2009 U.S. Dist. LEXIS 56170, at *5 (granting plaintiff's motion for expedited discovery finding that "without this information, [plaintiff's] attempts to obtain preliminary injunctive relief cannot get off the ground"). As in *Centrifugal Acquisition Corp.,* Benco faces "continuing loss of regular business" from Defendants. *Id.* at *4. Benco alleges that Defendants "have conspired together to compete with Benco and solicit Benco's customers, including the Benco Customers that they serviced" while at Benco. Complaint, Dkt. 1, at ¶ 45. Benco's discovery requests seek information and documents to corroborate these allegations. Just as in *Centrifugal Acquisition Corp.,* "[t]here is a clear connection between the expedited discovery . . . and the avoidance of irreparable injury." *Centrifugal Acquisition Corp.,* 2009 U.S. Dist. LEXIS 56170, at *5.

Second, the Court should decline Defendants' invitation to apply the *Notaro* standard to this motion. "Courts are split as to whether a party seeking expedited discovery must satisfy a 'good faith' or 'reasonableness' standard or the more stringent standard set forth in *Notaro*[.]" *Edgenet, Inc. v. Home Depot, U.S.A., Inc.*, 259 F.R.D. 385, 386 (E.D. Wis. 2009). Lacking definitive guidance from the Seventh Circuit, district courts have declined to follow *Notaro* based on the recognition that when "a plaintiff seeks expedited discovery in order to prepare for a preliminary injunction hearing, it does not make sense to use preliminary injunction analysis factors to determine the propriety of an expedited discovery request." *Merrill Lynch, Pierce, Fenner & Smith v. O'Connor,* 194 F.R.D. 618, 624 (N.D. Ill. 2000) (declining to adopt the *Notaro* standard). The "good cause" standard should apply. *Sheridan v. Oak St. Mortg., LLC*, 244 F.R.D. 520, 521-522 (E.D. Wis. 2007).

Under either standard, however, Benco has met its burden notwithstanding the fact that it seeks discovery before filing a motion for preliminary injunction first. *See Centrifugal Acquisition Corp.,* 2009 WL 1249294, at *6 (granting plaintiff's motion for expedited discovery even though no motion for preliminary injunction had yet been filed). In *Centrifugal Acquisition,* the Court held that expedited discovery was needed so that plaintiff could present a proper preliminary injunction motion and there was a clear connection between the expedited discovery sought and the harm alleged by plaintiff. *Id*. at *5. Benco's proposed discovery seeks information regarding any communications between Defendants and the Benco Customers they serviced and communications relating to the conspiracy between Defendants to disregard their agreements by, *inter alia,* swapping customers as well as any Benco documents that they have retained and any documents relating to their solicitation or sales to Benco Customers. These requests go directly to the ongoing actions that Defendants are taking that have harmed and continue to harm Benco and for which there is no adequate remedy at law.

Benco's requests are not overly broad or unduly burdensome but instead are narrowly tied to the merits of the anticipated injunction hearing. Notably, most of the requests cover a very limited time period (approximately a three-month period since their resignation) and the requests seek information regarding which of Benco's customers they have solicited as well as regarding their joint efforts to evade their contractual obligations in furtherance of their conspiracy.

Benco's request for expedited discovery would also satisfy the more stringent *Notaro* factors. First, as discussed above, Benco has suffered and continues to suffer irreparable injury and its discovery requests are aimed at collecting additional information to show irreparable harm. Second, Benco is likely to succeed on the merits because it has uncovered evidence that Defendants diverted Benco Customers before they resigned and are continuing to solicit such

Customers post-resignation. Defendants' assertion that because Benco alleges that Defendants swapped customers they are not soliciting their own customers wholly ignores what actually is pled in the Complaint, including alleged breaches of the Defendants' agreements premised on ongoing direct solicitations by Defendants as well their coordinated efforts to swap Benco customers in disregard of their good faith obligations under the agreements. *See In re Estate of Chayka*, 47 Wis. 2d 102, 107, 176 N.W.2d 561 (1970) ("This is a compliance in form, not in substance, that breaches the covenant of good faith that accompanies every contract, by accomplishing exactly what the agreement of the parties sought to prevent."). Benco's discovery requests seek to identify and quantify these solicitations and sales. Finally, the inconvenience to Defendants is minimal, as Benco seeks only to advance by several weeks Defendants' deadline to respond to its discovery. In contrast, delaying discovery will cause harm to Benco because it will delay an injunction hearing thereby increasing the harm caused by Defendants' ongoing actions.

Third, Defendants contend without citation to any authority and in contravention of Federal Rule 26 that it "should not be required to respond to any discovery, much less expedited discovery" because it has filed a motion to dismiss. The Federal Rules do not automatically stay discovery because of a pending motion to dismiss. *See, e.g., In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 336 (N.D. Ill. 2005) (citing *SK Hand Tool Corp. v. Dresser Indus., Inc.*, 852 F.2d 936, 945 (7th Cir. 1988)).

## II. Benco is Seeking to Conduct a Rule 26(f) Conference Expeditiously and Should Be Permitted to Serve Its Discovery by October 1.

While Benco still maintains its position that this Court should order discovery to be expedited, it has also asked Defendants' counsel to conduct the Rule 26(f) conference promptly so that it may serve its discovery requests. The Court has set a scheduling conference in this case

for October 22, 2019. Per the Court's Standing Order, the parties are required to hold a Rule 26(f) conference no later than October 15, though of course they may confer sooner. (Absent the Court's Standing Order, Rule 26(f) would require the parties to confer by October 1.) Once the Rule 26(f) conference occurs, Benco will be able to commence discovery.

Consistent with Rule 26(f)'s directive that parties confer "as soon as practicable," Benco's counsel sent an email to Defendants' counsel on September 23 seeking to promptly schedule the Rule 26(f) conference, offering to conduct it on September 25, 26, 27 or 30, 2019. *See* Exhibit 1 hereto. As of the filing of this brief, Defendants' counsel has not responded to this email or agreed to a time for the conference. Accordingly, Benco asks the Court to enter an Order confirming that discovery may commence on the earlier of October 1, 2019 or following the Rule 26(f) conference. Benco withdraws its request that the Court order Defendants to respond to Benco's requests within twenty days and instead will simply ask for them to be answered within thirty days.

Respectfully submitted this 25th day of September, 2019.

        GASS WEBER MULLINS LLC

        By:   *s/ David J. Turek*
            David J. Turek, Esq., WI SBN 1035356
            turek@gwmlaw.com
            Daniel J. Kennedy, Esq., WI SBN 1068680
            kennedy@gwmlaw.com
            241 N. Broadway, Suite 300
            Milwaukee, WI 53202
            Telephone: (414) 224-3445

Andrew Shapren, Esq.
BUCHANAN INGERSOLL & ROONEY PC
Two Liberty Place
50 S. 16th Street, Suite 3200
Philadelphia, PA 19102-2555
Ph. 215-665-3853
andrew.shapren@bipc.com

Robert D. Finkel
BUCHANAN INGERSOLL & ROONEY PC
One Oxford Centre
301 Grant Street, 20th Floor
Pittsburgh, PA 15219-1410
Ph. 412-562-5263
robert.finkel@bipc.com

*Attorneys for Plaintiff Benco Dental Supply, Co.*

6